

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**November 16, 2015**

**TENNESSEE WORKERS' COMPENSATION APPEALS BOARD**

**Time: 3:40 P.M.**

| | | |
|---|---|---|
| Regina Kirk | ) | Docket No. 2015-01-0036 |
| | ) | |
| v. | ) | State File No. 79228-2014 |
| | ) | |
| Amazon.com, Inc. | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

---

### Affirmed and Remanded – Filed November 16, 2015

---

In this second interlocutory appeal of this case, the employee alleges a work-related left shoulder injury. The first appeal followed an in-person evidentiary hearing that resulted in the trial court's denial of medical and temporary disability benefits, which was affirmed on appeal. The employee subsequently filed a second request for expedited hearing that was supported by her orthopedic physician's responses to a letter from her attorney. The second request sought a ruling on the record without an evidentiary hearing. Following the trial court's review of the file, the court awarded medical and temporary disability benefits, concluding that the employee would likely prevail at a hearing on the merits in establishing her alleged injury arose primarily out of her employment. The employer has appealed. After a careful review of the record, we affirm the trial court's order and remand the case for such additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Carmen Y. Ware, Chattanooga, Tennessee, for the employee-appellant, Regina Kirk

Charles Pierce, Knoxville, Tennessee, for the employer-appellee, Amazon.com, Inc.

1

## Factual and Procedural Background

Regina Kirk ("Employee") is a packer employed with Amazon.com, Inc. ("Employer"), in Chattanooga, Tennessee. On September 24, 2014, she reported a left shoulder injury that occurred as she reached overhead for an item to pack in a box.[1] The Employer's First Report of Work Injury, which was completed on the alleged injury date, describes the injury as follows: "[l]eft shoulder strain developed gradual pain while packing." Employer's safety form titled "Associate First Report of Injury," which Employee signed on the alleged injury date, indicates the "Actual Incident Time" to be "11:30 AM," and the "Time Incident Reported" to be "2:45 PM." It states, "shoulder popped while getting item to [place] in box [and] as day went on it feels like a pull to left arm above neck."

Employee visited Employer's onsite medical facility, AmCare, at 2:45 on the afternoon of the alleged injury. The initial AmCare report describes Employee's injury similarly to the Associate First Report of Injury, stating "while getting an item to place in a box, her shoulder popped."[2] It identifies the involved body parts to be "[l]eft upper back/shoulder," and it indicates Employee received "ice therapy x 15 [minutes]." The report states that Employee was to return to work without restrictions. Employee was seen again at AmCare the following day where she received first-aid care described as "ice for 15 minutes to left shoulder and [Biofreeze]." The AmCare records reflect Employee also received "ice therapy for 15 [minutes]" on September 28 and 29, 2014 as well.

Employee requested to see a medical doctor and was provided a panel of medical providers from which she selected Workforce Corporate Health ("Workforce") on September 30, 2014. She was seen at Workforce on one occasion on October 6, 2014, by Dr. Jayant Eldurkar. The report from that visit states that Employee "says she has pain in the left shoulder," and it notes "[n]o particular incident occurred, but she states from reaching across and lifting at heights." Dr. Eldurkar's report notes numerous tests and maneuvers performed in his clinical evaluation of Employee's shoulder, none of which was reported to be positive. His examination of Employee's upper back revealed "some tenderness at the left rhomboid." The assessment included in his October 6, 2014 report

---

[1] The facts are taken from the Appeals Board's August 7, 2015 opinion affirming and remanding the trial court's initial interlocutory order, the documents submitted in support of Employee's second request for expedited hearing, and the transcript of the proceedings of the initial expedited hearing filed in the trial court subsequent to Employer's filing of the notice of appeal. The facts included in the Appeals Board's August 7, 2015 opinion were taken from the trial court's initial expedited hearing order and the exhibits admitted into evidence at the initial expedited hearing.

[2] Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2015) provides that "medical records signed by a physician or accompanied by a certification that the records are true and accurate . . . ," shall be admissible. Although no such certification for the AmCare records was provided, the parties stipulated to the admissibility of those records.

states "[l]eft rhomboid sprain/strain, *not work related.*" (Emphasis added.) Employee was instructed to "[r]eturn to work without restrictions," and to "[r]eturn to clinic as needed." The report states that Employee was "discharged from our clinic."

On the same date of Employee's examination by Dr. Eldurkar, the doctor dated and signed an Employer-provided form identified as "Health Care Provider Request for Medical Information." The document included a section to be completed by the health care provider wherein the injury "for which treatment is sought" was identified as "[left] upper back spasm." The document also included an area for the provider to address whether the injury is work-related by marking one of three boxes labeled "Work-Related," "Not Work-Related," or "Undetermined." Consistent with the assessment included in Dr. Eldurkar's report, he marked the box indicating Employee's injury was "Not Work-Related." On October 17, 2014, Employer denied additional benefits, stating as the basis for its denial, "[n]o medical evidence of a work related injury."

Employee's left shoulder pain worsened as she continued her work as a packer. She sought medical treatment on her own, and on February 19, 2015, she was seen by Dr. Jason Robertson, an orthopedic physician. He recorded that Employee "presents in the office today with a complaint of left shoulder pain that began 09/23/2014." The report noted Employee's statement "that she was reaching for something on a shelf when her left shoulder popped." Dr. Robertson examined Employee's shoulder and performed range of motion tests, strength tests and "Specialty Tests." He noted positive "Neer and Hawkin's [sic]" tests, which Dr. Eldurkar had found to be negative at the time of his October 6, 2014 clinical evaluation. Dr. Robertson ordered and reviewed left shoulder x-rays, which were interpreted to show a "type III acromion and mild glenohumeral degenerative joint disease." In addition to prescribing medication, Dr. Robertson ordered a four-week physical therapy program and imposed restrictions against "lifting over 10 [pounds] [l]eft upper extremity until follow up." He also advised Employee to return to him in four weeks.

Prior to the issuance of the trial court's initial order denying benefits, Dr. Robertson signed and dated three separate Employer-provided forms that were admitted into evidence, which included his opinions concerning whether Employee's condition was work-related. On February 23, 2015, he signed Employer's "Health Care Provider Request for Medical Information," which stated that the document was "To Be Used For Return to Work Verification or Restrictions." A box marked on the document indicated that the condition for which Employee was examined on February 19, 2015, was "Not Work-Related." A second copy of the document marked "REVISED 3/12/15," had the "Not Work-Related" language marked through, and "Work-Related" was circled. Dr. Robertson's initials and the date were handwritten beside the revisions. A second Employer-provided form signed by Dr. Robertson titled "Attending Physician's Statement of Work Capacity and Impairment" was also dated March 12, 2015. Dr. Robertson identified the primary diagnosis on this document to be left shoulder

3

impingement. In the area for the doctor to indicate whether "the patient's primary condition [is] due to injury or illness arising out of the patient's employment," the document was marked, "[u]nknown." A third Employer-provided form requesting medical information, which was dated March 27, 2015 by Dr. Robertson, stated it is "To Be Used For Disability Accommodation & Fitness for Return to Work." It noted that Employee was last seen by the doctor on March 19, 2015, and that work restrictions were assigned at that visit. A box indicating the injury was "Work-Related" was marked, and Dr. Robertson's signature was written in the same section following the statement "overuse injury from overhead activity."

Employee's initial petition for benefit determination was filed on February 20, 2015. Following the filing of a request for expedited hearing, the trial court conducted an expedited hearing on June 15, 2015. On July 7, 2015, the trial court issued an order denying Employee's claim for medical and temporary disability benefits, concluding that Employee "did not submit sufficient medical expert opinion to establish that, at a hearing on the merits, she would likely prevail in establishing that her injury arose primarily out of and in the course and scope of employment." Employee appealed and submitted a position statement to which she attached correspondence dated July 9, 2015, from her attorney to Dr. Robertson. The correspondence presented the attorney's summary understanding of the reason for Dr. Robertson's differing causation opinions. It also presented two questions intended to clarify the doctor's opinion concerning whether Employee's alleged injury was work-related. We refused to consider the document in rendering our August 7, 2015 opinion affirming the trial court's denial of benefits because the document was not admitted into evidence at the expedited hearing.

Employee filed a second request for expedited hearing on August 18, 2015, seeking a ruling on the record without an evidentiary hearing.[3] The July 9, 2015 correspondence with Dr. Robertson's responses and a "work slip" releasing Employee to return to work as of June 23, 2015 were filed in support of Employee's request. Noting that no affidavit was filed with Employee's second request for expedited hearing, Employer objected to the request, asserting the administrative rules require that all motions for expedited hearing be "accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015). Employee subsequently refiled the affidavit that was filed with her initial request for expedited hearing. Thereafter, Employer filed a motion to dismiss Employee's claim, relying on Tennessee Code Annotated section 50-6-239(d)(4) (2015) and Tenn. Comp. R. & Regs. 0800-02-21-.14(3). Both the statute and the rule authorize a trial court to entertain a motion to

_____

[3] The trial court has the authority to "issue an interlocutory order either awarding or denying temporary disability or medical benefits based on a review of the documents submitted and without convening a formal hearing." Tenn. Comp. R. & Regs. 0800-02-21-.02(13) (2015). *See also* Tenn. Code Ann. § 50-6-239(d)(2) (2014).

4

dismiss an employee's claim where a motion for temporary disability or medical benefits is denied on the basis that the claim is not compensable.

Following oral arguments on Employer's motion to dismiss and on its objection to the second request for expedited hearing, the trial court denied Employer's motion to dismiss, concluding that Employee addressed the evidentiary inadequacies identified in the trial court's July 7, 2015 order by filing the July 9, 2015 correspondence that included Dr. Robertson's causation opinion. The court also found Employer's objection to the request for expedited hearing to be meritless, noting that Employee had already filed an affidavit with her initial request for expedited hearing. Referencing "the spirit of [Rule 10.03 of the Tennessee Rules of Civil Procedure]," which provides that an exhibit filed with a pleading "shall be a part of the pleading for all purposes," the trial court concluded that Employee's failure to refile the affidavit at the time the second request was filed "did not eliminate the Court's ability to decide the [request] on its merits."

After resolving the procedural matters, the trial court addressed the causation issue and whether Employee established sufficient evidence from which the trial court could determine that she would likely prevail at trial in rebutting Dr. Eldurkar's opinion that her injury was not work-related. Finding that Dr. Robertson's opinion "more likely represents an accurate causation assessment than Dr. Eldurkar's opinion," and finding Employee's in-person testimony at the initial expedited hearing to be credible, the trial court concluded that Employee "will likely prevail in rebutting Dr. Eldurkar's opinion . . . and in establishing that her left-shoulder injury arose primarily out of and in the course and scope of her employment." The court ordered Employer to "pay for past treatment and examination by Dr. Robertson and, at [Employee's] option, [she] may seek future treatment of her work-related left-shoulder injury from Dr. Robertson or a physician selected from a panel to be provided by [Employer]." Additionally, the trial court awarded seventeen weeks and six days of temporary disability benefits based on Employee's unrefuted testimony at the first expedited hearing addressing Employer's inability to accommodate restrictions imposed by Dr. Robertson, and the "work slip" submitted by Employee with her second request for expedited hearing. The "work slip" indicated that Dr. Robertson did not release Employee to return to unrestricted work until June 23, 2015. Employer appeals the October 8, 2015 interlocutory order.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v. State, Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

The dispositive issue in this interlocutory appeal is whether Employee presented sufficient evidence from which the trial court could determine that she would likely prevail at a hearing on the merits in overcoming the presumption afforded the authorized treating physician's causation opinion.[4] The trial court determined that Employee would likely prevail in establishing her injury to be work-related and awarded medical and temporary disability benefits. Employer asserts that the trial court erred in three respects: (1) by failing to dismiss the second request for expedited hearing for Employee's failure to submit an affidavit with her request as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a); (2) in determining that the questionnaire signed by Dr. Robertson was sufficient to support the trial court's order for benefits; and (3) in determining that the medical evidence rebutted the presumption of correctness afforded Dr. Eldurkar's opinion that Employee's injury was not work-related. For the reasons addressed below, we conclude that the trial court did not err in awarding benefits.

*Requirement for Filing an Affidavit*

Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015) requires that all motions for expedited hearings "must be accompanied by affidavits and any other information

---

[4] The trial court stated "the central substantive issue presented for determination is whether [Employee] sustained an injury arising primarily out of and in the course and scope of employment." We disagree with the trial court's characterization of the issue. Given the procedural posture of the case, it is premature to decide if Employee's injury arose primarily out of and in the course and scope of her employment. Causation issues at expedited hearings concern whether the evidence is sufficient for the trial court to determine that an employee is likely to prevail at a hearing on the merits.

6

demonstrating that the employee is entitled to temporary disability or medical benefits." Employee filed information with her second request for expedited hearing, but she did not file an affidavit with her second request until after Employer objected to her request. Citing *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14 (Tenn. Workers' Comp. App. Bd. May 18, 2015), Employer asserts there are no exceptions to the affidavit requirement, and that the affidavit Employee filed after Employer filed its position statement with the trial court "does not cure the deficiency." We find no merit in Employer's position, nor do we interpret *Hadzic* to establish that "there are no exceptions to the affidavit requirement" as asserted by Employer. The issue in *Hadzic* concerned whether the affidavit requirement was limited to cases in which "the party intends to rely on the affidavit at the hearing." *Id.* at *6. The trial court in *Hadzic* found the failure to file an affidavit to be inconsequential because the employee testified in person at the hearing, stating that a "party is only required to file an affidavit if the moving party intends to rely on the affidavit[] at the Expedited Hearing." *Id.* at *7. We vacated the trial court's decision, concluding that it "incorrectly determined the filing of an affidavit is unnecessary when the party seeking an expedited hearing testifies at the hearing." *Id.* at *12.

Here, Employee filed an affidavit with her initial request for expedited hearing, which asserted that the injury occurred when she was "reaching for an item . . . [at work] when I felt my left shoulder pop followed by pain." The affidavit identified when the work incident occurred, what medical providers examined Employee, what Employee understood the providers' diagnoses to be, and whether the providers imposed work restrictions. Without considering whether the inconvenience of attaching this affidavit to the second request for expedited hearing outweighed the value of the affidavit, *see* Tenn. R. Civ. P. 10.03 Advisory Commission Comment (2015), it is undisputed that (1) Employer already had the affidavit; (2) the affidavit was already included in the court file; and (3) Employee provided the responses from Dr. Robertson that were intended to clarify his causation opinion with her second request for expedited hearing. Employer has not shown or alleged any prejudice as a result of Employee's failure to refile the affidavit with her new request or by Employee's refiling the affidavit following Employer's objection to the request. Additionally, and as noted by the trial court, Employee's "failure to refile the affidavit did not deprive [Employer] of information needed to respond to the issues raised by the second [request]." Under the circumstances presented, we conclude that the trial court did not err in declining to dismiss the second request for expedited hearing.

*Overcoming the Presumption of Correctness of the Treating Physician's Causation Opinion*

Employer contends that Dr. Robertson's July 14, 2015 responses to the questions presented by Employee's attorney are insufficient to support the trial court's order for benefits. Further, Employer asserts that the evidence does not overcome the presumption

that the authorized treating physician's causation opinion is correct. The authorized treating physician, Dr. Eldurkar, examined Employee on a single occasion and diagnosed her with a "[l]eft rhomboid sprain/strain, not work related." Consistent with this statement, the separate "Health Care Provider Request for Medical Information" form signed by Dr. Eldurkar on the date of his examination identifies Employee's injury as "[left] upper back spasm" and was marked to indicate that Employee's injury was "Not Work-Related." Whether the preponderance of the evidence overcomes the presumption of correctness attached to Dr. Eldurkar's causation opinion subsumes the issue raised by Employer regarding whether Dr. Robertson's responses were sufficient to support the trial court's award of benefits. The trial court's award of benefits was not based solely on Dr. Robertson's July 14, 2015 responses to the questions from Employee's attorney, nor was the trial court's award of benefits based solely on the medical evidence.

At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Furthermore, "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(13)(E) (2014). Considering Employee's testimony and the medical records admitted into evidence, the trial court concluded that Employee "will likely prevail in rebutting Dr. Eldurkar's opinion of non-compensability and in establishing that her left-shoulder injury arose primarily out of and in the course and scope of her employment." While we disagree with the trial court's characterization of Dr. Eldurkar's opinion as an "opinion of non-compensability" rather than a medical opinion addressing causation, for the reasons addressed below we conclude that the trial court did not err in awarding medical and temporary disability benefits.

The appellant bears the burden of showing that the evidence presented in the trial court preponderates against the trial court's findings. *Mfrs. Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000). "For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect." *Bridgewater v. Adamczyk*, 421 S.W.3d 617, 627 (Tenn. Ct. App.

8

2013) (citations omitted). Employee was the only witness to testify at the initial expedited hearing, and the second expedited hearing was limited to the trial court's review of the file in accordance with Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(c) (2015). In the order under review, the trial court found Employee's in-person testimony at the initial expedited hearing to be credible. Based on Employee's testimony, the exhibits admitted into evidence at the initial hearing, and the additional documents submitted with Employee's second request for expedited hearing, the trial court determined that Employee would likely prevail at a hearing on the merits in rebutting the treating physician's opinion that Employee's injury is not work-related.

Reviewing courts must conduct an in-depth examination of the trial court's factual findings and conclusions. *Wilhelm v. Krogers*, 235 S.W.3d 122, 126 (Tenn. 2007). However, as noted above, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). When the trial court has seen and heard witnesses, considerable deference must be afforded the trial court's factual findings. *Tyron v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008). No similar deference need be afforded the trial court's findings based upon documentary evidence such as medical records. *See Glisson v. Mohon Int'l. Inc.*, 185 S.W.3d 348, 353 (Tenn. 2006). Having carefully reviewed and considered the transcript of the June 15, 2015 expedited hearing,[5] we cannot say that the trial court's assessment of Employee's credibility was incorrect. Indeed, Employer has not identified any testimony from the initial hearing that it asserts to be inconsistent or unreliable.

Dr. Eldurkar's October 6, 2014 report indicates that he performed a physical examination of Employee's left shoulder and upper back and identifies numerous tests and maneuvers included in his examination. The report notes that Employee had full range of motion in her left shoulder and that each test or maneuver performed during the doctor's clinical evaluation was negative. The doctor's examination of Employee's upper back revealed "some tenderness at the left rhomboid." The assessment included in the report states "[l]eft rhomboid sprain/strain, not work related." Consistent with the October 6, 2014 report, Dr. Eldurkar indicated on the Employer-provided request for medical information that the "[left] upper back spasm" for which "treatment is sought" was "Not Work-Related." As noted by the trial court, Dr. Eldurkar's medical practice specialty, if any, is not identified in the record.

Dr. Robertson is an orthopedic surgeon. The records document that Employee had two visits with Dr. Robertson in contrast to her single visit with Dr. Eldurkar. The mechanism of injury recorded by Dr. Robertson was consistent with Employee's

---

[5] We elected to review the transcript of the first expedited hearing filed by Employer because the trial court expressly noted its reliance on the testimony in ruling on the second request without an evidentiary hearing.

testimony as to how she injured her shoulder. Also, Dr. Robertson obtained and reviewed current shoulder x-rays, which he noted revealed "a type III acromion and mild glenohumeral degenerative joint disease." While Dr. Robertson prepared or signed records with conflicting information addressing whether Employee's left shoulder condition was work-related, his July 14, 2015 responses to the questions posed by Employee's attorney clarified and affirmed his opinion that "the work related events of 9/24/14, more likely than not, contributed *more than 50%* to primarily result in the left shoulder injury . . . and the need for the prescribed treatment." (Emphasis in original.) The trial court found that Dr. Robertson's causation opinion "more likely represents an accurate causation assessment than Dr. Eldurkar's opinion because he recorded a more accurate history and utilized diagnostic testing to diagnose [Employee's] injury." Finding Employee's in-person testimony at the initial expedited hearing to be credible, the trial court concluded from her testimony, in conjunction with the court's determination that Dr. Robertson "was better-positioned to assess causation than was Dr. Eldurkar,"[6] that Employee "will likely prevail in rebutting Dr. Eldurkar's opinion . . . and in establishing that her left-shoulder injury arose primarily out of and in the course and scope of her employment." Our review leads us to conclude that the preponderance of the evidence supports the trial court's determination that Employee established she is likely to prevail at a trial on the merits in overcoming the presumption of correctness afforded Dr. Eldurkar's causation opinion and in establishing that her left shoulder injury arose primarily out of and in the course and scope of her employment.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's award of medical and temporary disability benefits. Additionally, we find that the trial court's decision does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

David F. Hensley, Judge
Workers' Compensation Appeals Board

---

[6] The trial court found that "Dr. Robertson was in a better position to consider the causation [issue] because he saw her almost five months after the date of injury." A physician's opinion should not necessarily be given more weight the farther removed it is from the injury-producing event. Indeed, the opposite may be true.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**November 16, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 3:40 P.M.**

| | |
|---|---|
| Regina Kirk | ) Docket No. 2015-01-0036 |
| | ) |
| v. | ) |
| | ) State File No. 79228-2014 |
| Amazon.com, Inc. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Carmen Ware** | | | | | X | Cyware@thewarelawfirm.com |
| **W. Troy Hart** | | | | | X | wth@mijs.com |
| **Thomas Wyatt, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov